Richard H. Hikida (State Bar No. 196149)
rhikida@trialnewport.com
Kalman G. Magyar (*pro hac vice* motion forthcoming)
kmagyar@trialnewport.com
Scott J. Ferrell (State Bar No. 202091)
sferrell@trialnewport.com
**NEWPORT TRIAL GROUP**
A Professional Corporation
895 Dove Street, Suite 425
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

FILED
2012 AUG 21 PM 2:20
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE TAWNSAURA GROUP, LLC,<br>Plaintiff,<br>vs.<br>MAXIMUM HUMAN PERFORMANCE, LLC,<br>Defendant | Case No. **CV12-7189 DDP(AGRx)**<br>**COMPLAINT FOR PATENT INFRINGEMENT**<br>**JURY TRIAL DEMANDED** |

Plaintiff The Tawnsaura Group, LLC ("Plaintiff") hereby alleges for its Complaint against Maximum Human Performance, LLC ("Defendant"), on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows:

## I. THE PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of Nevada, with a registered office at 50 West Liberty Street, Suite 1100, Reno, Nevada 89501.

2. Plaintiff is the owner and assignee of United States Patent No. 5,874,471 ("the '471 patent") titled "Orthomolecular Medical Use of L-Citrulline for Vasoprotection, Relaxative Smooth Muscle Tone and Cell Protection," and United States Patent No. 6,028,107 ("the '107 patent") titled "Orthomolecular Medical Use of L-Citrulline for Vasoprotection, Relaxative Smooth Muscle Tone and Cell Protection," and Plaintiff licenses the '471 patent and the '107 patent to at least one third-party and is in negotiations to license the patents to numerous other parties.

3. Upon information and belief, Defendant Maximum Human Performance, LLC is a limited liability company organized and existing under the laws of New Jersey with a principal place of business at 21 Dwight Place in Fairfield, New Jersey, 07004.

## II. JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

6. This Court has personal jurisdiction over Defendant. Defendant, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises its products in the United States, the State of California, and the Central District of California, including the product Dark Rage. Defendant has purposefully and voluntarily placed Dark Rage into the stream of

commerce with the expectation that it will be purchased in the Central District of California.

## III. THE DEFENDANT'S INFRINGING PRODUCT

7. The label and/or advertisements for Defendant's product Dark Rage state that the product contains, interalia, the ingredient L-Citrulline, which is "used by the body to produce nitric oxide" and "is a way of saturating the nitric oxide production pathways to ensure peak nitric oxide production and promote extremely high levels of vasodilation and super-pumps."

8. Defendant has committed the tort of patent infringement within the State of California, and more particularly, within the Central District of California, by virtue of the fact that Defendant has shipped, distributed, offered for sale, sold, and advertised, and continues to ship, distribute, offer for sale, sell, and advertise the infringing product Dark Rage.

## IV. FIRST CAUSE OF ACTION

### Infringement of U.S. Patent No. 5,874,471

9. Plaintiff repeats and re-alleges the allegations of the foregoing paragraphs of this Complaint as if fully set forth herein.

10. Defendant has in the past and still is infringing, directly and indirectly through contributory and/or induced infringement, one or more claims of the '471 patent by making, using, selling, and offering for sale nutritional supplements embodying the patented invention, and will continue to do so unless enjoined by this Court.

11. Defendant's activities have been without express or implied license by Plaintiff.

12. On information and belief, the infringement by Defendant has been and continues to be willful.

13. As a result of Defendant's acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proved at trial.

14. As a result of Defendant's acts of infringement, Plaintiff has been and will continue to be irreparably harmed by Defendant's infringement and inducement, which will continue unless Defendant is enjoined by this Court.

15. Plaintiff believes that Defendant's past infringement and/or continuing infringement has been deliberate and willful, and that this case is therefore an exceptional case, which warrants an award of treble damages and attorneys' fees in accordance with 35 U.S.C. § 285.

## V. SECOND CAUSE OF ACTION

### Infringement of U.S. Patent No. 6,028,107

16. Plaintiff repeats and re-alleges the allegations of the foregoing paragraphs of this Complaint as if fully set forth herein.

17. Defendant has in the past and still is infringing, directly and indirectly through contributory and/or induced infringement, one or more claims of the '107 patent by making, using, selling, and offering for sale nutritional supplements embodying the patented invention, and will continue to do so unless enjoined by this Court.

18. Defendant's activities have been without express or implied license by Plaintiff.

19. On information and belief, the infringement by Defendant has been and continues to be willful.

20. As a result of Defendant's acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proved at trial.

21. As a result of Defendant's acts of infringement, Plaintiff has been and will continue to be irreparably harmed by Defendant's infringement and inducement, which will continue unless Defendant is enjoined by this Court.

22. Plaintiff believes that Defendant's past infringement and/or continuing infringement has been deliberate and willful, and that this case is therefore an

exceptional case, which warrants an award of treble damages and attorneys' fees in accordance with 35 U.S.C. § 285.

## VI. THIRD CAUSE OF ACTION

### Tortious Interference with Prospective Economic Advantage

23. Plaintiff repeats and re-alleges the allegations of the foregoing paragraphs of this Complaint as if fully set forth herein.

24. At all relevant times, Plaintiff has licensed the patents to at least one manufacturer of dietary supplements. Plaintiff, as exclusive owner of the rights embodied in the patents, also has prospective licensing relationships with numerous other manufacturers and distributors of dietary supplements that contain citrulline.

25. Defendant has both actual and constructive knowledge of the preceding potential economic relationships. Defendant has constructive knowledge of Plaintiff's patents and the exclusive rights embodied therein because they are matters of public record. Defendant also has actual knowledge of Plaintiff's patents and the rights embodied therein because Defendant has chosen to knowingly infringe the patents rather than license the patents from Plaintiff and pay Plaintiff a reasonable royalty thereon.

26. Defendant's intentional wrongful acts have disrupted the prospective economic relationship between Plaintiff and other potential licensees. Specifically, other manufacturers of dietary supplements – that are competitors of defendant -- have declined to enter into licensing relationships with Plaintiff because those competitors are aware that Defendant is infringing Plaintiff's patents instead of paying Plaintiff a reasonable royalty thereon; as such, those potential licensees would be at a competitive disadvantage to defendant by licensing (and paying for) the rights to Plaintiff's patents that defendant is simply infringing and not paying.

27. Plaintiff has suffered economic harm proximately caused by the acts of the Defendant.

/ / /

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for entry of judgment against Defendant as follows:

1. A declaration that Defendant has infringed the '471 patent and the '107 patent under 35 U.S.C. §§ 271 *et seq.*;

2. A declaration that Defendant has tortiously interfered with Plaintiff's prospective economic advantages;

3. That injunctions, preliminary and permanent, be issued by this Court restraining Defendant, its respective officers, agents, servants, directors, and employees, and all persons in active concert or participation with each, from directly or indirectly infringing, or inducing or contributing to the infringement by others of, the '471 patent and the '107 patent;

4. That Defendant be required to provide to Plaintiff an accounting of all gains, profits, and advantages derived by Defendant's infringement of the '471 patent and the '107 patent, and that Plaintiff be awarded damages adequate to compensate Plaintiff for the wrongful infringing acts by Defendant, in accordance with 35 U.S.C. § 284;

5. That the damages awarded to Plaintiff with regard to the '471 patent and the '107 patent be increased up to three times, in view of Defendant's willful infringement, in accordance with 35 U.S.C. § 284;

6. That this case be declared to be exceptional in favor of Plaintiff under 35 U.S.C. § 285, and that Plaintiff be awarded its reasonable attorneys' fees and other expenses incurred in connection with this action;

7. That Plaintiff be awarded its interest and costs of suit incurred in this action;

8. Compensatory damages;

9. Punitive damages; and

///

10. That Plaintiff be awarded such other and further relief as this Court may deem just and proper.

Dated: August 21, 2012

Respectfully submitted,
NEWPORT TRIAL GROUP
A Professional Corporation

By: Richard H. Hikida
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a jury trial for all issues in this case that properly are subject to a jury trial.

Respectfully submitted,

NEWPORT TRIAL GROUP
A Professional Corporation

Dated: August 21, 2012

By: Richard H. Hikida
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

**CV12- 7189 DDP (AGRx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

Name & Address: NEWPORT TRIAL GROUP
Richard H. Hikida, Bar No. 196149
Kalman G. Magyar (pro hac vide motion forthcoming
Scott J. Ferrell, Bar No. 202091
895 Dove Street, Suite 425
Newport Beach, Ca 92660

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE TAWNSAURA GROUP, LLC, PLAINTIFF(S) v. MAXIMUM HUMAN PERFORMANCE, LLC, DEFENDANT(S). | CASE NUMBER CV12-7189 DDP(AGRx) **SUMMONS** |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ ____________ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Newport Trial Group, whose address is 895 Dove Street, Suite 425, Newport Beach, CA 92660. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: AUG 21 2012

Clerk, U.S. District Court

By: NANCY INTERIANO
Deputy Clerk

*(Seal of the Court)*

SEAL OF THE U.S. DISTRICT COURT CENTRAL DIST. OF CALIFORNIA 1225

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
THE TAWNSAURA GROUP, LLC,

**DEFENDANTS**
MAXIMUM HUMAN PERFORMANCE, LLC,

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
NEWPORT TRIAL GROUP, 895 Dove Street, Suite 425, Newport Beach, CA 92660
Tel; (949) 706-6464 Fax (949)706-6469

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☑ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☑ **MONEY DEMANDED IN COMPLAINT: $** TBD

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
35 U.S.C.§§271, et seq.; 35 U.S.C.§§284.; 35 U.S.C.§§285

**VII. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Act
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Info. Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Fed. Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpractice
- ☐ 365 Personal Injury-Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus-Alien Detainee
- ☐ 465 Other Immigration Actions

**TORTS — PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 American with Disabilities - Employment
- ☐ 446 American with Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus/ Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE / PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety /Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☑ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

COPY BY FAX

FOR OFFICE USE ONLY: Case Number: CV12-7189 DDP(AGRx)

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | THE TAWNSAURA GROUP, LLC - Washoe County, Nevada |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | MAXIMUM HUMAN PERFORMANCE - Essex County, New Jersey |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Plaintiff's Claim - Los Angeles County, CA | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note**: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): [signature] **Date** August 21, 2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |