UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

| | |
|---|---|
| **CASE NO.:** LA CV 12-07189 SJO (AGRx) | **DATE:** September 25, 2012 |
| **TITLE:** The Tawnsaura Group, LLC v. Maximum Human Performance LLC | |

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Christine Chung | Not Present |
| Courtroom Clerk | Court Reporter |

**COUNSEL PRESENT FOR PLAINTIFFS:**       **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                              Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER RELATING, TRANSFERRING, COORDINATING, AND STAYING CASES, REQUIRING FILING AND SERVICE OF AMENDED COMPLAINTS AND STATUS REPORT BY OCTOBER 31, 2012**

This order applies to, and shall be filed in, all of the cases listed below (the "Tawnsaura Cases"), which were filed by the Tawnsaura Group LLC ("Plaintiff") and which include claims, inter alia, for infringement of United States patents 5,874,471 and 6,028,107. This order applies to any cases subsequently filed by the same plaintiff alleging infringement of the same patents.

I.    Relation, Transfer, and Coordination of Cases

The Tawnsaura Cases are deemed related within the meaning of General Order 08-05 section 5 and Local Rule 83-1.3 because they will call for determination of the same and substantially similar questions of law or fact, will entail substantial duplication of labor if heard by different judges, and involve the same patents. The Tawnsaura Cases are hereby transferred to the docket of the Honorable S. James Otero. Pursuant to Federal Rule of Civil.Procedure 42, the Tawnsaura Cases are, until further order, coordinated for case management purposes. The Court will issue one protective order and one scheduling order to govern all of the cases. This order does not constitute a determination that these actions should be consolidated for trial, nor does it have the effect of making any entity a party to an action in which it has not been joined and served in accordance with the Federal Rules of Civil Procedure.

The low-number case, *The Tawnsaura Group LLC v. Maximum Human Performance LLC*, 2:12-cv-07189-SJO-AGR, will serve as the master case file. All orders, pleadings, motions, and other documents will, when filed and docketed in the master case file, be deemed filed and docketed in each individual related case to the extent applicable. Parties shall enter their appearances in the individual cases, and the Clerk is directed to add all parties and attorneys from the individual cases to the master case file such that all counsel appearing in the individual cases will receive notifications for the master case file as well.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>LA CV 12-07189 SJO (AGRx)</u>     DATE: <u>September 25, 2012</u>

If orders, pleadings, motions, or other documents are generally applicable to all consolidated actions, they shall include in their caption the notation that they relate to "ALL CASES" and be filed and docketed only in the master file.  Documents intended to apply only to particular cases will indicate in their caption the case number of the case(s) to which they apply and will only be filed in the individual cases.

II.     <u>Stay of Cases Pending Filing and Service of Amended Complaints</u>

The Tawnsaura cases are hereby **STAYED** pending, and with the exception of, the below-described activity.  All pending motions are hereby taken off calendar, and, if appropriate, can be re-filed with any necessary modification once the stay is lifted.

Plaintiff is **ORDERED** to file and serve amended complaints for all of the Tawnsaura Cases by October 31, 2012.  The amended complaints must:

(a) Allege with particularity the facts showing infringement, including the facts establishing the defendants' requisite mental state re indirect infringement.  Generalized allegations will be insufficient.  Case-specific facts are required.

(b) Allege which claims of the asserted patents each defendant infringes, and provide product-specific reasons for the allegation.

(c) Absent prior order of the Court, not include statements on "information and belief" concerning the chemical composition of defendants' products. All are allegedly available for purchase within the Central District and thus can be tested.

(d) With respect to the state law causes of action for tortious interference with prospective economic advantage, describe the nature of the defendants' actual knowledge of Plaintiff's patents, and the specific basis for the allegation that "other manufacturers of dietary supplements —that are competitors of defendant—have declined to enter into licensing relationships with Plaintiff because those competitors are aware that Defendant is infringing Plaintiff's patents instead of paying Plaintiff a reasonable royalty thereon."  That is, the amended complaints must identify the "other manufacturers" who have knowledge of the particular defendant's refusal to enter into a licensing arrangement and the basis for the allegation that such knowledge was the reason the "other manufacturers" declined to enter into a licensing arrangement with Plaintiff.

The Court notes that the state law causes of action may involve novel theories under the laws of numerous states, the determination of which may substantially predominate over the patent infringement claims pending before the Court.  A federal court's exercise of supplemental jurisdiction is governed by 28 U.S.C. § 1367, which provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:   LA CV 12-07189 SJO (AGRx)          DATE: September 25, 2012

form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Under § 1367(c), however, a district court has the discretion to decline to exercise supplemental jurisdiction over a state law claim where one or more of the following circumstances exists: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.  28 U.S.C. § 1367(c).  The Ninth Circuit has held that § 1367 requires that the court exercise supplemental jurisdiction unless the court is prohibited by § 1367(b) or one of the specifically enumerated exceptions set forth in § 1367(c) applies.  *Exec. Software N. Am., Inc. v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 24 F.3d 1545, 1555-56 (9th Cir. 1994).

The Court has not determined whether it should exercise supplemental jurisdiction over the state law causes of action.  Plaintiff is free to omit the state law causes of action from its amended complaints.

III.   Status Report

Plaintiff is **ORDERED** to file a status report with the court no later than October 31, 2012, certifying service of the amended complaints (attaching the proofs or waivers of service), as well as providing two summary charts showing which defendants are alleged to infringe which claims (one organized by defendant, the other by claim).

IV.   Responsive Pleadings

No responsive pleadings may be filed until the Court lifts the stay; responsive pleadings will be due fourteen (14) days after the stay is lifted.  **However, defense counsel are encouraged to file notices of appearances and certifications as to interested parties as soon as possible.**  Filing such notices and certifications will not constitute waiver of any defenses.

V.   Service of This Order

Plaintiff is **ORDERED** to immediately serve a copy of this order on all Defendants who have not yet filed appearances in the cases (and who therefore have not received a copy through the CM/ECF system).

IT IS SO ORDERED.

///
///

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:   <u>LA CV 12-07189 SJO (AGRx)</u>          DATE: <u>September 25, 2012</u>

<u>List of Tawnsaura Cases</u>

| | | |
|---|---|---|
| 1. | 2:12-cv-07189-SJO-AGR | The Tawnsaura Group LLC v. Maximum Human Performance LLC |
| 2. | 8:12-cv-01352-JVS-JPR | The Tawnsaura Group, LLC v. Physician Formulas, Inc. |
| 3. | 8:12-cv-01353-DOC-AN | The Tawnsaura Group LLC v. Gaspari Nutrition Inc. |
| 4. | 8:12-cv-01354-DOC-JPR | The Tawnsaura Group LLC v. Beautyfit Inc. |
| 5. | 8:12-cv-01362-DOC-MLG | The Tawnsaura Group, LLC v. Labrada Bodybuilding Nutrition, Inc. |
| 6. | 8:12-cv-01363-AG-JPR | The Tawnsaura Group, LLC v. Image Sports, LLC et al. |
| 7. | 8:12-cv-01364-DOC-AN | The Tawnsaura Group, LLC v. Threshold Enterprises, Ltd. |
| 8. | 8:12-cv-01389-DOC-AN | The Tawnsaura Group LLC v. Bestvite Inc. |
| 9. | 8:12-cv-01390-CJC-AN | The Tawnsaura Group LLC v. BNC Nutrition LLC |
| 10. | 8:12-cv-01391-AG-AN | The Tawnsaura Group LLC v. Force Factor LLC |
| 11. | 8:12-cv-01392-JST-E | The Tawnsaura Group LLC v. Irwin Naturals Inc. |
| 12. | 8:12-cv-01393-CJC-JC | The Tawnsaura Group LLC v. Kingfisher Media LLC |
| 13. | 8:12-cv-01394-CJC-RZ | The Tawnsaura Group, LLC v. Nutricology, Inc. |
| 14. | 8:12-cv-01395-DOC-E | The Tawnsaura Group, LLC v. Puritan's Pride, Inc. |
| 15. | 8:12-cv-01396-JVS-JC | The Tawnsaura Group LLC v. Serious Nutrition Solutions LLC |
| 16. | 8:12-cv-01397-DOC-FMO | The Tawnsaura Group, LLC v. Vitacost.com, Inc. |
| 17. | 8:12-cv-01398-PA-CW | The Tawnsaura Group LLC v. NutraBio.com Inc. |
| 18. | 8:12-cv-01401-GW-JC | The Tawnsaura Group LLC v. Now Foods Inc. |
| 19. | 8:12-cv-01409-SJO-AGR | The Tawnsaura Group LLC v. Montiff Inc. |
| 20. | 8:12-cv-01410-CAS-JCG | The Tawnsaura Group LLC v. Nutrabulk Inc. |
| 21. | 8:12-cv-01411-R-CW | The Tawnsaura Group LLC v. Nutrabolics Inc. |
| 22. | 8:12-cv-01412-ODW-SH | The Tawnsaura Group LLC v. Swanson Health Products Inc. |
| 23. | 8:12-cv-01413-RGK-RZ | The Tawnsaura Group LLC v. Solaray Inc. |
| 24. | 8:12-cv-01415-GAF-SH | The Tawnsaura Group LLC v. Supplement Direct Ventures Inc. |
| 25. | 8:12-cv-01416-SJO-JCG | The Tawnsaura Group LLC v. Superior Nutraceuticals Inc. |
| 26. | 8:12-cv-01467-CJC-AN | The Tawnsaura Group, LLC v. Twinlab Corporation |
| 27. | 8:12-cv-01471-DOC-AN | The Tawnsaura Group, LLC v. Natrol, Inc. |
| 28. | 8:12-cv-01472-CJC-JPR | The Tawnsaura Group, LLC v. Ultimate Nutrition Products Inc. |
| 29. | 8:12-cv-01473-JVS-JPR | The Tawnsaura Group, LLC v. S.A.N. Nutrition Corp. |
| 30. | 8:12-cv-01474-JVS-JPR | The Tawnsaura Group, LLC v. Universal Nutrition, Inc. |
| 31. | 8:12-cv-01476-JVS-RNB | The Tawnsaura Group, LLC v. Musclepharm Corporation |
| 32. | 8:12-cv-01477-JST-MLG | The Tawnsaura Group, LLC v. Infinite Labs, LLC |
| 33. | 8:12-cv-01479-DOC-MLG | The Tawnsaura Group, LLC v. Fizogen Precision Technologies, Inc. |
| 34. | 8:12-cv-01480-JVS-RNB | The Tawnsaura Group, LLC v. Dymatize Enterprises, LLC |
| 35. | 8:12-cv-01481-AG-JPR | The Tawnsaura Group, LLC v. All American Pharmaceutical & Natural Foods Corporation |
| 36. | 8:12-cv-01482-CJC-JPR | The Tawnsaura Group, LLC v. AST Sports Science, Inc. |

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>LA CV 12-07189 SJO (AGRx)</u>        DATE: <u>September 25, 2012</u>

| | | |
|---|---|---|
| 37. | 8:12-cv-01505-AN | The Tawnsaura Group, LLC v. Driven Sports, Inc. |
| 38. | 8:12-cv-01549-DOC-AN | The Tawnsaura Group, LLC v. Anabolic Innovations, Inc. |
| 39. | 8:12-cv-01550-JVS-MLG | The Tawnsaura Group, LLC v. Controlled Labs |
| 40. | 8:12-cv-01551-CJC-RNB | The Tawnsaura Group, LLC v. Beverly International Nutrition, LLC |
| 41. | 8:12-cv-01552-DOC-AN | The Tawnsaura Group, LLC v. Betancourt Nutrition, Inc. |
| 42. | 8:12-cv-01553-CJC-AN | The Tawnsaura Group, LLC v. Cobra Labs Ltd. |
| 43. | 8:12-cv-01554-JST-JPR | The Tawnsaura Group, LLC v. Evernutrition, Inc. |
| 44. | 8:12-cv-01555-AG-MLG | The Tawnsaura Group, LLC v. Evogen, Inc. |
| 45. | 8:12-cv-01556-JVS-RNB | The Tawnsaura Group, LLC v. Elements of Health Care, LLC |
| 46. | 8:12-cv-01557-JST-AN | The Tawnsaura Group, LLC v. Epic Nutrition, Inc. |
| 47. | 8:12-cv-01558-DOC-MLG | The Tawnsaura Group, LLC v. Ergogenix |
| 48. | 8:12-cv-01559-AG-MLG | The Tawnsaura Group, LLC v. Advanced Nutraceutical Engineers and Marketers, LLC |
| 49. | 8:12-cv-01560-AG-RNB | The Tawnsaura Group, LLC v. Core Nutritionals, LLC |
| 50. | 8:12-cv-01562-DOC-AN | The Tawnsaura Group LLC v. Exclusive Nutrition Products Inc. |
| 51. | 8:12-cv-01563-JST-JPR | The Tawnsaura Group LLC v. Exclusive Supplements Inc. |
| 52. | 8:12-cv-01564-CJC-AN | The Tawnsaura Group LLC v. World Health Products LLC |
| 53. | 8:12-cv-01565-JST-MLG | The Tawnsaura Group LLC v. Guthy Renker LLC |
| 54. | 8:12-cv-01566-CJC-AN | The Tawnsaura Group LLC v. Get Fit Nutrition |
| 55. | 8:12-cv-01567-JST-RNB | The Tawnsaura Group LLC v. Gamma Enterprises LLC |
| 56. | 8:12-cv-01568-AG-RNB | The Tawnsaura Group LLC v. Fahrenheit Group Corporation |
| 57. | 8:12-cv-01569-DOC-MLG | The Tawnsaura Group LLC v. Extreme V Inc. |
| 58. | 8:12-cv-01603-ABC-JPR | The Tawnsaura Group, LLC v. Isatori, Inc. et al. |