UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

CASE NO.: CV 12-07189-SJO-(AGRx)   DATE: November 7, 2012
Applies to All Related Cases

TITLE: The Tawnsaura Group, LLC v. Maximum Human Performance, LLC
LEAD CASE - Applies to All Coordinated Actions

========================================================================
PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Cruz                                Not Present
Courtroom Clerk                            Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**        **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER LIFTING STAY EXCEPT AS TO DISCOVERY, DISMISSING PORTIONS OF THE OPERATIVE COMPLAINTS, REQUIRING JOINT RULE 26(f) SUBMISSION, PREPARATION FOR TECHNOLOGY TUTORIAL AND CASE OVERVIEW.**

This order applies to all of the related cases listed below ("Tawnsaura Cases"), which were filed by the Tawnsaura Group, LLC ("Plaintiff") and which include claims for infringement of United States patents 5,874,471 ("'471 patent") and 6,028,107 ("'107 patent").

I.  Plaintiff's Indirect and Willful Infringement Claims Are Dismissed Without Prejudice to Seek Leave to Amend If Supported by Specific Facts Revealed in Discovery

The Court has now reviewed all of the First and Second Amended Complaints filed by Plaintiff in the Tawnsaura Cases. The Court finds Plaintiff's allegations as to indirect and willful infringement insufficient.

In every case, Plaintiff alleged that the Defendant must have had knowledge of the patents because it employs "sophisticated, experienced legal counsel with expertise in patent law" and "conducts or should conduct due diligence" or in the alternative, was willfully blind as to infringement. Such boilerplate allegations, which do not reach the specifics of any defendant, are insufficient. A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[I]nduced infringement under § 271(b) requires knowledge [by the inducer] that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011). "The requirement that the alleged infringer knew or should have known his actions would induce actual infringement necessarily includes the requirement that he or she knew of the patent." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006). Knowledge of the patent and knowledge of the acts alleged to constitute infringement is not

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:  CV 12-07189-SJO-(AGRx)          DATE: **November 7, 2012**
<u>Applies to All Related Cases</u>

enough; specific intent and purposeful, culpable action to induce infringement (not just the acts that produce the infringement) must be proven.  *Id.* at 1305-06.

Likewise, Plaintiff's allegations of willful infringement suffer from the same defects: "a party cannot be found to have 'willfully' infringed a patent of which the party had no knowledge," *Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 511 (Fed. Cir. 1990), although post-suit conduct can sometimes support a finding of willfulness.  *See Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1351 (Fed. Cir. 2001).  The Court therefore **DISMISSES** Plaintiff's claims for indirect and willful infringement, without prejudice to seek to replead them with specificity if discovery or the course of litigation shows they are warranted.

The Court is aware of the split of authority regarding whether notice of a patent through the filing of a complaint can establish the knowledge element of indirect infringement.  *See Proxyconn, Inc. v. Microsoft Corp.*, No. SACV 11-1681 DOC (ANx), 2012 WL 1835680, *5-7 (C.D. Cal. May 16, 2012) (describing split of authority and dismissing indirect infringement claims with prejudice where complaint was only alleged basis of knowledge, but allowing plaintiff to file a second action using the complaint from the first action to establish knowledge); *Softview LLC v. Apple Inc.*, Civ. No. 10-389-LPS, 2012 WL 3061027, *7 (D. Del. July 26, 2012) (describing split of authority and holding that a complaint can satisfy the knowledge element).  Although it dismissed the claims, *Proxyconn* noted that Federal Rule of Civil Procedure 15(d) provides a procedure for pleading post-suit facts: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  *Proxyconn*, 2012 WL 1835680 at *6.

While the Court will not require Plaintiff to file separate actions alleging knowledge of the patent from the complaints in these actions, knowledge is only one element of indirect infringement, and Plaintiff is unable to plead the intent element at this time.  Plaintiff will have an adequate opportunity to explore those issues in discovery.  Discovery on this subject shall be broadly interpreted, and the Court expects that Defendants will produce or log as privileged all documents relating to indirect infringement and willfulness.  If appropriate, Plaintiff may seek leave to amend to include allegations of indirect infringement and willfulness based on information obtained in discovery, but the Court will require specific showings for each.

As to direct infringement, Plaintiff has in some of the Tawnsaura Cases been able to allege that a specific employee or agent of the Defendant performed the claim methods.  *See, e.g.* First Amended Complaint,*The Tawnsaura Group, LLC v. Gaspari Nutrition Inc.*, No. 8:12-cv-01353, ECF No. 13;  First Amended Complaint*, The Tawnsaura Group, LLC v. Driven Sports, Inc.,* No. 8:12-cv-01505, ECF No. 10.  In other cases, the allegations did not identify a particular act of direct infringement by the defendant.  *See, e.g.*, First Amended Complaint, *The Tawnsaura Group LLC v. Swanson Health Prods., Inc.*, No. 8:12-cv-01412, ECF No. 14*;* First Amended Complaint, *The Tawnsaura Group LLC v. Creative Edge Nutrition, Inc.*, No. 8:12-cv-01652, ECF No. 8.  Even

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 12-07189-SJO-(AGRx)</u>　　　DATE: <u>November 7, 2012</u>
<u>Applies to All Related Cases</u>

when plead generically, the Court finds the allegations of direct infringement to be plausible. If a Defendant will contend that it sold an accused product without ever using it for testing purposes or otherwise, that will be a factual issue for resolution at a later stage of the case. Likewise, other factual arguments concerning noninfringement cannot be determined at the pleading stage.

II.　　<u>Stay Lifted, Responses Due in 14 Days</u>

The Court hereby lifts the stay previously entered in the cases. All Defendants who have been served shall respond to the operative Complaint within 14 days. Given the Court's dismissal of the indirect and willful infringement claims, the Court anticipates that Defendants will respond via answer, rather than motion to dismiss. However, if issues other than the plausibility or specificity of the direct infringement claims need to be addressed by Rule 12(b) motion, the Court will consider them.

Plaintiff may file a Second Amended Complaint in Case No. 8:12-cv-1558 to substitute Sechel Holdings, Inc. as the true name of the Defendant.

Plaintiff is directed to file a status report by November 29, 2012, indicating the status of service on the remaining defendants. If service has not been completed by that date, Plaintiff shall file a status report every week thereafter until service has been completed. The Court will set the scheduling conference after all Defendants have been served.

III.　　<u>Plaintiff to Lodge the File History</u>

On or before November 13, 2012, Plaintiff shall lodge with the Court a certified copy of the file history for each asserted patent. The file histories shall each be printed double-sided, indexed, tabbed, and compiled in a 3-ring binder. In addition to the paper copy of the file histories, Plaintiff shall lodge an electronic copy on a CD-ROM, DVD, or USB thumb drive, in which each file history shall be a single PDF file with bookmarks corresponding to the tabs on the paper copy. Plaintiff shall provide an electronic copy of the file histories to any Defendant who requests it.

IV.　　<u>Preparation for Scheduling Conference, Technology Tutorial, and Case Overview</u>

　　　A.　　<u>Technology Tutorial and Case Overview</u>

The Court anticipates setting a scheduling conference after all defendants have been served. All lead counsel will be required to attend in person. In addition to traditional scheduling conference proceedings, the Court also wishes to hear a technology tutorial and overview of likely contested and potentially dispositive issues from Plaintiff's lead counsel and from one or two attorneys selected by Defendants to present on behalf of all Defendants. The Court will be particularly interested in hearing the parties' positions on what claim construction and discovery is necessary

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 12-07189-SJO-(AGRx)</u>  DATE: <u>November 7, 2012</u>
<u>Applies to All Related Cases</u>

to resolve issues of infringement and validity. For example, the Court wishes to hear the parties' views on how the limitations of the '471 patent dependent claims 2 (good health), 20 (increased or continuing brain activity), and 21 (increased or continuing muscular activity) and of the '107 patent dependent claims 2 (normal or good health), 15 (increased or continuing brain activity), and 16 (increased or continuing muscular activity) affect the infringement case or distinguish prior art, and which terms must be construed to resolve those issues. Similarly, the Court wishes to hear whether there are any disputed issues regarding the unique limitations of the of the dosing claims ('471 patent claims 26 and 27, '107 patent claim 18) and the composition claims ('471 patent claim 28 and '107 patent claim 19), and what discovery and claim construction will be necessary to resolve those disputes.

The Court will decide how discovery should be managed, and possibly phased, after considering the parties' Rule 26(f) report and hearing the presentations at the scheduling conference. The Court is unlikely to separate damages discovery from merits discovery, but may consider ordering early discovery specifically targeted in support of dispositive motions if doing so has potential to materially focus the case. While allowing for individual issues unique to particular defendants, the Court intends to require coordinated motion practice in these cases.

      B.    <u>Coordination and Limitation of Discovery</u>

The Court intends to actively manage this case in order to conserve the resources of all parties and to focus effort on key issues. The Court notes that Plaintiff's Status Report (ECF No. 21) assumes a single trial. These actions are being coordinated, but the Court will only join Defendants for trial if such consolidation will facilitate the just, speedy, and inexpensive disposition of the actions and the criteria of 35 U.S.C. § 299 are met.

The Court will require efficient coordinated discovery practice. The parties shall confer and attempt to agree on limitations that reflect coordination. For example, on common issues, Plaintiff's witnesses should not, in most instances, be separately deposed in every case. Rather, a combined multi-day deposition would be appropriate, scheduled for enough time to cover all Defendants' individual issues, with common issues handled in a coordinated and nonduplicative manner. The Court anticipates that, subject to confidentiality restrictions, all depositions of Plaintiff's witnesses shall be cross-noticed for, and may be used in, every case. The parties are encouraged to cross-notice depositions of defense witnesses where appropriate. The parties should agree on a number of common discovery requests to be served on Plaintiff, with a small number of additional requests for each Defendant. Likewise, the parties should explore whether it would be feasible to reduce the default number of discovery requests to be served on each Defendant.

Defendants are encouraged to coordinate their positions to the maximum extent possible and not present Plaintiff or the Court with multiple proposals on scheduling and coordination of discovery

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:  CV 12-07189-SJO-(AGRx)          DATE: November 7, 2012
Applies to All Related Cases


unless there are truly insoluble conflicts among the defendants.  Defendants are encouraged to form working groups, perhaps organized by issue, to assist in the coordination of these actions and the presentation of a cohesive Defense position to the extent possible.

    C.    Initial Disclosures, Joint Rule 26(f) Report, and Protective Order

The parties shall exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before November 21, 2012.  Further discovery is stayed pending the scheduling conference.

The parties shall meet and confer pursuant to Rule 26(f) on or before November 26, 2012.  The parties shall file a joint Rule 26(f) submission covering all the Tawnsaura cases on or before December 3, 2012.  The report shall address the matters specified (1) in Rule 26(f), (2) in this order, and (3) in the Court's Initial Standing Order.

The parties may jointly submit a proposed protective order on or before December 3, 2012.  If the parties are unable to agree on a protective order, the Court will enter the Northern District of California's Patent Local Rule 2-2 Interim Model Protective Order.

V.    Service of This Order

Plaintiff is **ORDERED** to immediately serve a copy of this order on all Defendants who have not yet filed appearances in the cases (and who therefore have not received a copy through the CM/ECF system).

IT IS SO ORDERED.


List of Tawnsaura Cases

| # | Case No. | Caption |
|---|---|---|
| 1. | 2:12-cv-07189-SJO-AGR | The Tawnsaura Group, LLC v. Maximum Human Performance LLC |
| 2. | 8:12-cv-01352-SJO-AGR | The Tawnsaura Group, LLC v. Physician Formulas, Inc. |
| 3. | 8:12-cv-01353-SJO-AGR | The Tawnsaura Group, LLC v. Gaspari Nutrition Inc. |
| 4. | 8:12-cv-01354-SJO-AGR | The Tawnsaura Group, LLC v. Beautyfit Inc. |
| 5. | 8:12-cv-01362-SJO-AGR | The Tawnsaura Group, LLC v. Labrada Bodybuilding Nutrition, Inc. |
| 6. | 8:12-cv-01363-SJO-AGR | The Tawnsaura Group, LLC v. Image Sports, LLC et al. |
| 7. | 8:12-cv-01364-SJO-AGR | The Tawnsaura Group, LLC v. Threshold Enterprises, Ltd. |
| 8. | 8:12-cv-01389-SJO-AGR | The Tawnsaura Group, LLC v. Bestvite Inc. |
| 9. | 8:12-cv-01390-SJO-AGR | The Tawnsaura Group, LLC v. BNC Nutrition LLC |
| 10. | 8:12-cv-01391-SJO-AGR | The Tawnsaura Group, LLC v. Force Factor LLC |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:  CV 12-07189-SJO-(AGRx)          DATE: November 7, 2012
Applies to All Related Cases

| | | |
|---|---|---|
| 11. | 8:12-cv-01392-SJO-AGR | The Tawnsaura Group, LLC v. Irwin Naturals Inc. |
| 12. | 8:12-cv-01393-SJO-AGR | The Tawnsaura Group, LLC v. Kingfisher Media LLC |
| 13. | 8:12-cv-01394-SJO-AGR | The Tawnsaura Group, LLC v. Nutricology, Inc. |
| 14. | 8:12-cv-01395-SJO-AGR | The Tawnsaura Group, LLC v. Puritan's Pride, Inc. |
| 15. | 8:12-cv-01396-SJO-AGR | The Tawnsaura Group, LLC v. Serious Nutrition Solutions LLC |
| 16. | 8:12-cv-01397-SJO-AGR | The Tawnsaura Group, LLC v. Vitacost.com, Inc. |
| 17. | 8:12-cv-01398-SJO-AGR | The Tawnsaura Group, LLC v. NutraBio.com Inc. |
| 18. | 8:12-cv-01401-SJO-AGR | The Tawnsaura Group, LLC v. Now Foods Inc. |
| 19. | 8:12-cv-01409-SJO-AGR | The Tawnsaura Group, LLC v. Montiff Inc. |
| 20. | 8:12-cv-01410-SJO-AGR | The Tawnsaura Group, LLC v. Nutrabulk Inc. |
| 21. | 8:12-cv-01412-SJO-AGR | The Tawnsaura Group, LLC v. Swanson Health Products Inc. |
| 22. | 8:12-cv-01413-SJO-AGR | The Tawnsaura Group, LLC v. Solaray Inc. |
| 23. | 8:12-cv-01415-SJO-AGR | The Tawnsaura Group, LLC v. Supplement Direct Ventures Inc. |
| 24. | 8:12-cv-01416-SJO-AGR | The Tawnsaura Group, LLC v. Superior Nutraceuticals Inc. |
| 25. | 8:12-cv-01467-SJO-AGR | The Tawnsaura Group, LLC v. Twinlab Corporation |
| 26. | 8:12-cv-01472-SJO-AGR | The Tawnsaura Group, LLC v. Ultimate Nutrition Products Inc. |
| 27. | 8:12-cv-01473-SJO-AGR | The Tawnsaura Group, LLC v. S.A.N. Nutrition Corp. |
| 28. | 8:12-cv-01474-SJO-AGR | The Tawnsaura Group, LLC v. Universal Nutrition, Inc. |
| 29. | 8:12-cv-01476-SJO-AGR | The Tawnsaura Group, LLC v. Musclepharm Corporation |
| 30. | 8:12-cv-01477-SJO-AGR | The Tawnsaura Group, LLC v. Infinite Labs, LLC |
| 31. | 8:12-cv-01480-SJO-AGR | The Tawnsaura Group, LLC v. Dymatize Enterprises, LLC |
| 32. | 8:12-cv-01481-SJO-AGR | The Tawnsaura Group, LLC v. All American Pharmaceutical & Natural Foods Corporation |
| 33. | 8:12-cv-01505-SJO-AGR | The Tawnsaura Group, LLC v. Driven Sports, Inc. |
| 34. | 8:12-cv-01550-SJO-AGR | The Tawnsaura Group, LLC v. Controlled Labs |
| 35. | 8:12-cv-01551-SJO-AGR | The Tawnsaura Group, LLC v. Beverly International Nutrition, LLC |
| 36. | 8:12-cv-01552-SJO-AGR | The Tawnsaura Group, LLC v. Betancourt Nutrition, Inc. |
| 37. | 8:12-cv-01555-SJO-AGR | The Tawnsaura Group, LLC v. Evogen, Inc. |
| 38. | 8:12-cv-01556-SJO-AGR | The Tawnsaura Group, LLC v. Elements of Health Care, LLC |
| 39. | 8:12-cv-01558-SJO-AGR | The Tawnsaura Group, LLC v. Ergogenix |
| 40. | 8:12-cv-01559-SJO-AGR | The Tawnsaura Group, LLC v. Advanced Nutraceutical Engineers and Marketers, LLC |
| 41. | 8:12-cv-01560-SJO-AGR | The Tawnsaura Group, LLC v. Core Nutritionals, LLC |
| 42. | 8:12-cv-01562-SJO-AGR | The Tawnsaura Group, LLC v. Exclusive Nutrition Products Inc. |
| 43. | 8:12-cv-01563-SJO-AGR | The Tawnsaura Group, LLC v. Exclusive Supplements Inc. |
| 44. | 8:12-cv-01564-SJO-AGR | The Tawnsaura Group, LLC v. World Health Products LLC |
| 45. | 8:12-cv-01565-SJO-AGR | The Tawnsaura Group, LLC v. Guthy Renker LLC |
| 46. | 8:12-cv-01566-SJO-AGR | The Tawnsaura Group, LLC v. Get Fit Nutrition |
| 47. | 8:12-cv-01567-SJO-AGR | The Tawnsaura Group, LLC v. Gamma Enterprises LLC |
| 48. | 8:12-cv-01568-SJO-AGR | The Tawnsaura Group, LLC v. Fahrenheit Group Corporation |

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:  <u>CV 12-07189-SJO-(AGRx)</u>           DATE: <u>November 7, 2012</u>
<u>Applies to All Related Cases</u>


| | | |
|---|---|---|
| 49. | 8:12-cv-01569-SJO-AGR | The Tawnsaura Group, LLC v. Extreme V Inc. |
| 50. | 8:12-cv-01603-SJO-AGR | The Tawnsaura Group, LLC v. Isatori, Inc. et al. |
| 51. | 8:12-cv-01632-SJO-AGR | The Tawnsaura Group, LLC v. Image Sports, LLC et al. |
| 52. | 8:12-cv-01634-SJO-AGR | The Tawnsaura Group, LLC v. ABB Performance, LLC |
| 53. | 8:12-cv-01635-SJO-AGR | The Tawnsaura Group, LLC v. Karma Nutritionals Inc. |
| 54. | 8:12-cv-01636-SJO-AGR | The Tawnsaura Group, LLC v. Magnum Nutraceuticals, Inc. |
| 55. | 8:12-cv-01637-SJO-AGR | The Tawnsaura Group, LLC v. Anabol Naturals, Inc. |
| 56. | 8:12-cv-01638-SJO-AGR | The Tawnsaura Group, LLC v. Man Sports Products, Inc. |
| 57. | 8:12-cv-01652-SJO-AGR | The Tawnsaura Group, LLC v. Creative Edge Nutrition Inc. |
| 58. | 8:12-cv-01653-SJO-AGR | The Tawnsaura Group, LLC v. ISS Research LLC |
| 59. | 8:12-cv-01655-SJO-AGR | The Tawnsaura Group, LLC v. NBTY Inc |
| 60. | 8:12-cv-01656-SJO-AGR | The Tawnsaura Group, LLC v. Hammer Nutrition |