FILED
CLERK, U.S. DISTRICT COURT

DEC – 7 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

*NOTE CHANGES MADE BY THE COURT*

1   VENABLE LLP
    Daniel S. Silverman (SBN 137864)
2   Tamany Vinson Bentz (SBN 258600)
    Deborah A. Feinblum (SBN 251544)
3   Email:    dsilverman@venable.com
              tjbentz@venable.com
4             dfeinblum@venable.com
    2049 Century Park East, Suite 2100
5   Los Angeles, CA 90067
    Telephone:  (310) 229-9900
6   Facsimile:  (310) 229-9901
    *Counsel for Defendants Maximum Human Performance LLC; Image Sports, LLC*
7   *d/b/a Image Nutrition, LLC; Force Factor LLC; Twinlab Corporation; Universal*
    *Protein Supplements Corporation d/b/a Universal Nutrition, Inc.; Betancourt*
8   *Nutrition, Inc.; American Bodybuilding    Products d/b/a/ ABB Performance,*
    *LLC; BPI Sports Holdings, LLC d/b/a BPI Sports, LLC; Montiff, Inc.; and Get Fit*
9   *Nutrition*

10  NEWPORT TRIAL GROUP
    Tyler J. Woods (SBN 232464)
11  Richard H. Hikida (SBN 196149)
    Scott J. Ferrell (SBN 202091)
12  Email:    twoods@trialnewport.com
              rhikida@trialnewport.com
13            sferrell@trialnewport.com
    895 Dove Street, Suite 425
14  Newport Beach, CA 92660
    Telephone:  (949) 706-6464
15  *Attorneys for Plaintiff the Tawnsaura Group, LLC*

*NOTE CHANGES MADE BY THE COURT*

15              **UNITED STATES DISTRICT COURT**

16              **CENTRAL DISTRICT OF CALIFORNIA**

17

18

19  THE TAWNSAURA GROUP, LLC          | Master Case No.
                                       | :12cv07189SJO(AGRx)
20                    Plaintiff,
                                       | Related/Coordinated to ALL CASES:
21          v.                         | 12-cv-01352 SJO (AGRx)
                                       | 12-cv-01353 SJO (AGRx)
22  MAXIMUM HUMAN PERFORMANCE,         | 12-cv-01354 SJO (AGRx)
    LLC                                | 12-cv-01362 SJO (AGRx)
                                       | 12-cv-01363 SJO (AGRx)
23                    Defendant.       | 12-cv-01364 SJO (AGRx)
                                       | 12-cv-01389 SJO (AGRx)
24                                     | 12-cv-01390 SJO (AGRx)
                                       | 12-cv-01391 SJO (AGRx)
25                                     | 12-cv-01392 SJO (AGRx)
                                       | 12-cv-01393 SJO (AGRx)
26                                     | 12-cv-01394 SJO (AGRx)
       *NOTE CHANGES MADE BY THE COURT* | 12-cv-01395 SJO (AGRx)
27                                     | 12-cv-01396 SJO (AGRx)
                                       | 12-cv-01397 SJO (AGRx)
28                                     | 12-cv-01398 SJO (AGRx)

STIPULATED PROTECTIVE ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

12-cv-01401 SJO (AGRx)
12-cv-01409 SJO (AGRx)
12-cv-01410 SJO (AGRx)
12-cv-01412 SJO (AGRx)
12-cv-01413 SJO (AGRx)
12-cv-01415 SJO (AGRx)
12-cv-01416 SJO (AGRx)
12-cv-01467 SJO (AGRx)
12-cv-01472 SJO (AGRx)
12-cv-01473 SJO (AGRx)
12-cv-01474 SJO (AGRx)
12-cv-01476 SJO (AGRx)
12-cv-01477 SJO (AGRx)
12-cv-01480 SJO (AGRx)
12-cv-01481 SJO (AGRx)
12-cv-01505 SJO (AGRx)
12-cv-01550 SJO (AGRx)
12-cv-01551 SJO (AGRx)
12-cv-01552 SJO (AGRx)
12-cv-01555 SJO (AGRx)
12-cv-01556 SJO (AGRx)
12-cv-01558 SJO (AGRx)
12-cv-01559 SJO (AGRx)
12-cv-01560 SJO (AGRx)
12-cv-01562 SJO (AGRx)
12-cv-01563 SJO (AGRx)
12-cv-01564 SJO (AGRx)
12-cv-01565 SJO (AGRx)
12-cv-01566 SJO (AGRx)
12-cv-01567 SJO (AGRx)
12-cv-01568 SJO (AGRx)
12-cv-01569 SJO (AGRx)
12-cv-01603 SJO (AGRx)
12-cv-01632 SJO (AGRx)
12-cv-01634 SJO (AGRx)
12-cv-01635 SJO (AGRx)
12-cv-01636 SJO (AGRx)
12-cv-01637 SJO (AGRx)
12-cv-01638 SJO (AGRx)
12-cv-01652 SJO (AGRx)
12-cv-01653 SJO (AGRx)
12-cv-01655 SJO (AGRx)
12-cv-01656 SJO (AGRx)

Hon. S. James Otero
Courtroom 1

**STIPULATED ~~PROPOSED~~
PROTECTIVE ORDER**

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    ~~Counsel: Outside Counsel of Record (as well as their support staff).~~

2.4    Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" information in this matter.

2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" or "CONFIDENTIAL — OUTSIDE COUNSELS' EYES ONLY."

2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other

STIPULATED PROTECTIVE ORDER                    3

1  things, testimony, transcripts, and tangible things), that are produced or generated in disclosures

2  or responses to discovery in this matter.

3      2.7    Expert:  a person with specialized knowledge or experience in a matter

4  pertinent to the litigation who (1) has been retained by a Party or its *Outside Counsel of Record* to serve as an expert

5  witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a

6  Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a

7  Party or of a Party's competitor.

8      2.8    "HIGHLY    CONFIDENTIAL —    ATTORNEYS'    EYES    ONLY"

9  Information or Items:  extremely sensitive "Confidential Information or Items," disclosure of

10  which to another Party or Non-Party would create a substantial risk of serious harm that could not

11  be avoided by less restrictive means.

12      2.9    "CONFIDENTIAL  —  OUTSIDE  COUNSELS'  EYES  ONLY"

13  Information or Items:  extremely sensitive "HIGHLY CONFIDENTIAL — ATTORNEYS'

14  EYES ONLY" Information or Items, disclosure of which to another Party or Non-Party or their

15  House Counsel would create a substantial risk of serious harm that could not be avoided by less

16  restrictive means.

17      2.10    House Counsel:  attorneys who are employees of a party to this action.

18  House Counsel does not include Outside Counsel of Record or any other outside counsel.

19      2.11    Non-Party:  any natural person, partnership, corporation, association, or

20  other legal entity not named as a Party to this action.  *(as well as their support staff)*

21  *AGR*    2.12    Outside Counsel of Record:  attorneys who are not employees of a party to

22  this action but are retained to represent or advise a party to this action and have appeared in this

23  action on behalf of that party or are affiliated with a law firm which has appeared on behalf of

24  that party.

25      2.13    Party:  any party to this action, including all of its officers, directors,

26  employees, consultants, retained experts, and Outside Counsel of Record (and their support

27  staffs).

28      2.14    Producing Party:  a Party or Non-Party that produces Disclosure or

STIPULATED PROTECTIVE ORDER                4

1    Discovery Material in this action.

2        2.15   Professional Vendors:   persons or entities that provide litigation support

3    services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

4    organizing, storing, or retrieving data in any form or medium) and their employees and

5    subcontractors.

6        2.16   Protected Material:   any Disclosure or Discovery Material that is

7    designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES

8    ONLY," or "CONFIDENTIAL — OUTSIDE COUNSELS' EYES ONLY."

9        2.17   Receiving Party:   a Party that receives Disclosure or Discovery Material

10    from a Producing Party.

11      3.     SCOPE

12        The protections conferred by this Stipulation and Order cover not only Protected

13    Material (as defined above), but also (1) any information copied or extracted from Protected

14    Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any

15    testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected

16    Material.   However, the protections conferred by this Stipulation and Order do not cover the

17    following information: (a) any information that is in the public domain at the time of disclosure

18    to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party

19    as a result of publication not involving a violation of this Order, including becoming part of the

20    public record through trial or otherwise; and (b) any information known to the Receiving Party

21    prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who

22    obtained the information lawfully and under no obligation of confidentiality to the Designating

23    Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

24      4.     DURATION

25        Even after final disposition of this litigation, the confidentiality obligations

26    imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing

27    or a court order otherwise directs.   Final disposition shall be deemed to be the later of

28    (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final

STIPULATED PROTECTIVE ORDER         5

1   judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or

2   reviews of this action, including the time limits for filing any motions or applications for

3   extension of time pursuant to applicable law.

4        5.    DESIGNATING PROTECTED MATERIAL

5        5.1    Exercise of Restraint and Care in Designating Material for Protection.

6   Each Party or Non-Party that designates information or items for protection under this Order must

7   take care to limit any such designation to specific material that qualifies under the appropriate

8   standards.   To the extent it is practical to do so, the Designating Party must designate for

9   protection only those parts of material, documents, items, or oral or written communications that

10  qualify — so that other portions of the material, documents, items, or communications for which

11  protection is not warranted are not swept unjustifiably within the ambit of this Order.

12       Mass, indiscriminate, or routinized designations are prohibited.  Designations that

13  are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

14  unnecessarily encumber or retard the case development process or to impose unnecessary

15  expenses and burdens on other parties) *may* expose the Designating Party to sanctions.

16       If it comes to a Designating Party's attention that information or items that it

17  designated for protection do not qualify for protection at all or do not qualify for the level of

18  protection initially asserted, that Designating Party must promptly notify all other parties that it is

19  withdrawing the mistaken designation.

20       5.2    Manner and Timing of Designations.  Except as otherwise provided in this

21  Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

22  Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

23  designated before the material is disclosed or produced.

24       Designation in conformity with this Order requires:

25       (a)    for information in documentary form (e.g., paper or electronic documents,

26  but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

27  Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS'

28  EYES ONLY" or "CONFIDENTIAL — OUTSIDE COUNSELS' EYES ONLY" to each page

1   that contains protected material.  If only a portion or portions of the material on a page qualifies

2   for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by

3   making appropriate markings in the margins) and must specify, for each portion, the level of

4   protection being asserted.

5          A Party or Non-Party that makes original documents or materials available for

6   inspection need not designate them for protection until after the inspecting Party has indicated

7   which material it would like copied and produced.   During the inspection and before the

8   designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL

9   — OUTSIDE COUNSELS' EYES ONLY."   After the inspecting Party has identified the

10  documents it wants copied and produced, the Producing Party must determine which documents,

11  or portions thereof, qualify for protection under this Order.  Then, before producing the specified

12  documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

13  "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" or "CONFIDENTIAL —

14  OUTSIDE COUNSELS' EYES ONLY") to each page that contains Protected Material.  If only a

15  portion or portions of the material on a page qualifies for protection, the Producing Party also

16  must clearly identify the protected portion(s) (e.g., by making appropriate markings in the

17  margins) and must specify, for each portion, the level of protection being asserted.

*AGR*

18          (b)     for testimony given in deposition or in other pretrial ~~or trial~~ *nondispositive* proceedings,

19  that the Designating Party identify on the record, before the close of the deposition, hearing, or

20  other proceeding, all protected testimony and specify the level of protection being asserted.

21  When it is impractical to identify separately each portion of testimony that is entitled to protection

22  and it appears that substantial portions of the testimony may qualify for protection, the

23  Designating Party may invoke on the record (before the deposition, hearing, or other proceeding

24  is concluded) a right to have up to 21 days after its receipt of the transcript to identify the specific

25  portions of the testimony as to which protection is sought and to specify the level of protection

26  being asserted.   Only those portions of the testimony that are appropriately designated for

27  protection within the 21 days shall be covered by the provisions of this Stipulated Protective

28  Order.  Alternatively, *for depositions,* a Designating Party may specify, at the deposition or up to 21 days after its

1   receipt of the transcript if that period is properly invoked, that the entire transcript shall be treated

2   as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" or

3   "CONFIDENTIAL — OUTSIDE COUNSELS' EYES ONLY."

4           Parties shall give the other parties notice if they reasonably expect a deposition,

5   hearing or other proceeding to include Protected Material so that the other parties can ensure that

6   only authorized individuals who have signed the "Acknowledgment and Agreement to Be

7   Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a

8   deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY

9   CONFIDENTIAL — ATTORNEYS' EYES ONLY" or "CONFIDENTIAL — OUTSIDE

10  COUNSELS' EYES ONLY."

11          Transcripts containing Protected Material shall have an obvious legend on the title

12  page that the transcript contains Protected Material, and the title page shall be followed by a list

13  of all pages (including line numbers as appropriate) that have been designated as Protected

14  Material and the level of protection being asserted by the Designating Party. The Designating

15  Party shall inform the court reporter of these requirements. Any transcript before the expiration

16  of a 21-day period for designation shall be treated during that period as if it had been designated

17  "CONFIDENTIAL — OUTSIDE COUNSELS' EYES ONLY" in its entirety unless otherwise

18  agreed. After the expiration of that period, the transcript shall be treated only as actually

19  designated.

20          (c)    for information produced in some form other than documentary and for any

21  other tangible items, that the Producing Party affix in a prominent place on the exterior of the

22  container or containers in which the information or item is stored the legend "CONFIDENTIAL"

23  or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" or "CONFIDENTIAL —

24  OUTSIDE COUNSELS' EYES ONLY." If only a portion or portions of the information or item

25  warrant protection, the Producing Party, to the extent practicable, shall identify the protected

26  portion(s) and specify the level of protection being asserted.

27          5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent

28  failure to designate qualified information or items does not, standing alone, waive the Designating

STIPULATED PROTECTIVE ORDER        8

1    Party's right to secure protection under this Order for such material.  Upon timely correction of a

2    designation, the Receiving Party must make reasonable efforts to assure that the material is

3    treated in accordance with the provisions of this Order.

4         6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

5         6.1    Timing of Challenges.    Any Party or Non-Party may challenge a

6    designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's

7    confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary

8    economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its

9    right to challenge a confidentiality designation by electing not to mount a challenge promptly

10   after the original designation is disclosed.

11        6.2    Meet and Confer.    The Challenging Party shall initiate the dispute

12   resolution process by providing written notice of each designation it is challenging and describing

13   the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the

14   written notice must recite that the challenge to confidentiality is being made in accordance with

15   this specific paragraph of the Protective Order.    The parties shall attempt to resolve each

16   challenge in good faith and must begin the process by conferring directly (in voice to voice

17   dialogue; other forms of communication are not sufficient) within 14 days of the date of service

18   of notice.  In conferring, the Challenging Party must explain the basis for its belief that the

19   confidentiality designation was not proper and must give the Designating Party an opportunity to

20   review the designated material, to reconsider the circumstances, and, if no change in designation

21   is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to

22   the next stage of the challenge process only if it has engaged in this meet and confer process first

23   or establishes that the Designating Party is unwilling to participate in the meet and confer process

24   in a timely manner

25        6.3    Judicial Intervention.    If the Parties cannot resolve a challenge without

26   court intervention, the Designating Party shall file and serve a motion to retain confidentiality

27   under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21

28   days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and

1   confer process will not resolve their dispute, whichever is earlier. After the Designating Party has

2   prevailed on two such motions, the burden to move shifts to the Challenging Party in order to

3   avoid an abuse of the process, but the Designating Party still bears the burden of persuasion.

4   Each such motion must be accompanied by a competent declaration affirming that the movant has

5   complied with the meet and confer requirements imposed in the preceding paragraph. Failure by

6   the Designating Party to make such a motion including the required declaration within 21 days (or

7   14 days, if applicable) shall automatically waive the confidentiality designation for each

8   challenged designation. In addition, the Challenging Party may file a motion challenging a

9   confidentiality designation at any time if there is good cause for doing so, including a challenge to

10   the designation of a deposition transcript or any portions thereof. Any motion brought pursuant

11   to this provision must be accompanied by a competent declaration affirming that the movant has

12   complied with the meet and confer requirements imposed by the preceding paragraph.

13        The burden of persuasion in any such challenge proceeding shall be on the

14   Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass

15   or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party

16   to sanctions. Unless the Designating Party has waived the confidentiality designation by failing

17   to file a motion to retain confidentiality as described above, all parties shall continue to afford the

18   material in question the level of protection to which it is entitled under the Producing Party's

19   designation until the court rules on the challenge.

20       7.    ACCESS TO AND USE OF PROTECTED MATERIAL

21       7.1   Basic Principles. A Receiving Party may use Protected Material that is

22   disclosed or produced by another Party or by a Non-Party *who agrees to be bound by this Order,* in connection with this case only for

23   prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

24   disclosed only to the categories of persons and under the conditions described in this Order.

25   When the litigation has been terminated, a Receiving Party must comply with the provisions of

26   section 15 below (FINAL DISPOSITION).

27       Protected Material must be stored and maintained by a Receiving Party at a

28

*AGR* (handwritten margin note next to line 22)

1   location and in a secure manner[1] that ensures that access is limited to the persons authorized

2   under this Order.

3       7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

4   ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

5   disclose any information or item designated "CONFIDENTIAL" only to:

6       (a)    the Receiving Party's Outside Counsel of Record in this action, as well as

7   employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

8   information for this litigation and who have signed the "Acknowledgment and Agreement to Be

9   Bound" that is attached hereto as Exhibit A;

10      (b)    the officers, directors, and employees (including House Counsel) of the

11  Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

12  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

13      (c)    Experts (as defined in this Order) of the Receiving Party to whom

14  disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

15  and Agreement to Be Bound" (Exhibit A);

16      (d)    the court and its personnel;

17      (e)    court reporters and their staff, professional jury or trial consultants, and

18  Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

19  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

20      (f)    during their depositions, witnesses in the action to whom disclosure is

21  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

22  (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of

23  transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

24  separately bound by the court reporter and may not be disclosed to anyone except as permitted

25  under this Stipulated Protective Order.

26      (g)    the author or recipient of a document containing the information or a

27

28

---

[1] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

STIPULATED PROTECTIVE ORDER            11

1   custodian or other person who otherwise possessed or knew the information.

2       7.3   Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES

3   ONLY." Unless otherwise ordered by the court or permitted in writing by the Designating Party,

4   a Receiving Party may disclose any information or item designated "HIGHLY

5   CONFIDENTIAL —ATTORNEYS' EYES ONLY" only to:

6           (a)   the Receiving Party's Outside Counsel of Record in this action, as well as

7   employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

8   information for this litigation and who have signed the "Acknowledgment and Agreement to Be

9   Bound" that is attached hereto as Exhibit A;

10          (b)   One Designated House Counsel of the Receiving Party (1) who has no

11  involvement in decision-making relating to the marketing or sale of any product containing L-

12  Citrulline, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed

13  the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the

14  procedures set forth in paragraph 7.4(a)(1), below, have been followed.

15          (c)   Experts of the Receiving Party (1) to whom disclosure is reasonably

16  necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be

17  Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below,

18  have been followed;

19          (d)   the court and its personnel;

20          (e)   court reporters and their staff, professional jury or trial consultants, and

21  Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

22  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

23          (f)   the author or recipient of a document containing the information or a

24  custodian or other person who otherwise possessed or knew the information.

25      7.4   Procedures for Approving or Objecting to Disclosure of "HIGHLY

26  CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items to Designated House

27  Counsel or Experts.

28          (a)(1) Unless otherwise ordered by the court or agreed to in writing by the

STIPULATED PROTECTIVE ORDER                 12

1   Designating Party, a Party that seeks to disclose to Designated House Counsel any information or

2   item that has been designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY"

3   pursuant to paragraph 7.3(b) first must make a written disclosure to the Designating Party that

4   (1) sets forth the full name of the Designated House Counsel and the city and state of his or her

5   residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable

6   future primary job duties and responsibilities in sufficient detail to determine if House Counsel is

7   involved, or may become involved, in any decision-making relating to the marketing or sale of

8   any product containing L-Citrulline.[2]

9           (a)(2)   Unless otherwise ordered by the court or agreed to in writing by the

10  Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any

11  information or item that has been designated "HIGHLY CONFIDENTIAL — ATTORNEYS'

12  EYES ONLY" pursuant to paragraph 7.3(c) first must make a written disclosure to the

13  Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her

14  primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's

15  current employer(s), (4) identifies each person or entity from whom the Expert has received

16  compensation or funding for work in his or her areas of expertise or to whom the expert has

17  provided professional services, including in connection with a litigation, at any time during the

18  preceding five years,[3] (5) identifies (by name and number of the case, filing date, and location of

19  court) any litigation in connection with which the Expert has offered expert testimony, including

20  through a declaration, report, or testimony at a deposition or trial, during the preceding five years;

21  and (6) any patents or patent applications on which the Expert is a named inventor that claim a

22  product containing L-Citrulline, or a method of manufacture or use thereof.

23           (b)      A Party that makes a disclosure and provides the information specified in

24

25  [2] Designated House Counsel who receives "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY"
    information pursuant to this Order must disclose any relevant changes in job duties or responsibilities prior to final
26  disposition of the litigation to allow the Designating Party to evaluate any later-arising decision-making
    responsibilities relating to the marketing or sale of any product containing L-Citrulline.
27  [3] If the Expert believes any of this information is subject to a confidentiality obligation to a third- party, then the
    Expert should provide whatever information the Expert believes can be disclosed without violating any
28  confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with
    the Designating Party regarding any such engagement.

STIPULATED PROTECTIVE ORDER            13

1   the preceding respective paragraphs may disclose the subject Protected Material to the identified

2   Designated House Counsel or Expert unless, within seven (7) days of delivering the request, the

3   Party receives a written objection from the Designating Party. Any such objection must set forth

4   in detail the grounds on which it is based.

5         (c)    A Party that receives a timely written objection must meet and confer with

6   the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

7   agreement within seven (7) days of the written objection. If no agreement is reached, the Party

8   seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as

9   provided in Civil Local Rule 37 (and in compliance with Civil Local Rule 79-5, if applicable)

10   seeking permission from the court to do so. Any such motion must describe the circumstances

11   with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or

12   the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and

13   suggest any additional means that could be used to reduce that risk. In addition, any such motion

14   must be accompanied by a competent declaration describing the parties' efforts to resolve the

15   matter by agreement (i.e., the extent and the content of the meet and confer discussions) and

16   setting forth the reasons advanced by the Designating Party for its refusal to approve the

17   disclosure.

18         In any such proceeding, the Party opposing disclosure to Designated House

19   Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure

20   would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose

21   the Protected Material to its Designated House Counsel or Expert.

22         7.5    Disclosure of "CONFIDENTIAL — OUTSIDE COUNSELS' EYES

23   ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by

24   the Designating Party, a Receiving Party may disclose any information or item designated

25   "CONFIDENTIAL — OUTSIDE COUNSELS' EYES ONLY" only to:

26         (a)    the Receiving Party's Outside Counsel of Record in this action, as well as

27   employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

28   information for this litigation and who have signed the "Acknowledgment and Agreement to Be

1   Bound" that is attached hereto as Exhibit A;

2        (b)    Experts of the Receiving Party (1) to whom disclosure is reasonably

3   necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be

4   Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), above,

5   have been followed;

6        (c)    the court and its personnel;

7        (d)    court reporters and their staff, professional jury or trial consultants, and

8   Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

9   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

10        (e)    the author or recipient of a document containing the information or a

11   custodian or other person who otherwise possessed or knew the information.

12       8.    PROSECUTION BAR

13        Absent written consent from the Producing Party, any individual who actually

14   reviews "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY AND SUBJECT TO

15   PROSECUTION BAR" information shall not be involved in the prosecution of patents or patent

16   applications relating to products, formulations or compositions containing L-citrulline or any L-

17   citrulline salts, and methods of use related to products, formulations or compositions containing

18   L-citrulline or any L-citrulline salts, including without limitation the patents asserted in this

19   action and any patent or application claiming priority to or otherwise related to the patents

20   asserted in this action, before any foreign or domestic agency, including the United States Patent

21   and Trademark Office ("the Patent Office").  For purposes of this paragraph, "prosecution"

22   includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or

23   maintenance of patent claims. "Prosecution" as used in this paragraph, includes, for example,

24   participating on behalf of the patentee in original prosecution, reissue or reexamination

25   proceedings, but does not include representing a party challenging a patent before a domestic or

26   foreign agency (including, but not limited to, a reissue protest, ex parte reexamination or *inter*

27   *partes* reexamination).   This Prosecution Bar shall begin when access to "HIGHLY

28   CONFIDENTIAL — ATTORNEYS' EYES ONLY AND SUBJECT TO PROSECUTION BAR"

1    information is first received by the affected individual and shall end two (2) years after final

2    termination of this action.[4]

3        9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

4    OTHER LITIGATION

5        If a Party is served with a subpoena or a court order issued in other litigation that

6    compels disclosure of any information or items designated in this action as "CONFIDENTIAL"

7    or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" or "CONFIDENTIAL —

8    OUTSIDE COUNSELS' EYES ONLY" that Party must:

9        (a)    promptly notify in writing the Designating Party. Such notification shall

10   include a copy of the subpoena or court order;

11       (b)    promptly notify in writing the party who caused the subpoena or order to

12   issue in the other litigation that some or all of the material covered by the subpoena or order is

13   subject to this Protective Order. Such notification shall include a copy of this Stipulated

14   Protective Order; and

15       (c)    cooperate with respect to all reasonable procedures sought to be pursued by

16   the Designating Party whose Protected Material may be affected.[5]

17       If the Designating Party timely seeks a protective order, the Party served with the

18   subpoena or court order shall not produce any information designated in this action as

19   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" or

20   "CONFIDENTIAL   —   OUTSIDE   COUNSELS'   EYES   ONLY"   or   "HIGHLY

21   CONFIDENTIAL — ATTORNEYS' EYES ONLY AND SUBJECT TO PROSECUTION BAR"

22   before a determination by the court from which the subpoena or order issued, unless the Party has

23   obtained the Designating Party's permission. The Designating Party shall bear the burden and

24   expense of seeking protection in that court of its confidential material — and nothing in these

---

[4] The Prosecution Bar *to* applies only to individuals who actually review another party's "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY AND SUBJECT TO PROSECUTION BAR" documents or information pursuant to this Order, and, for example, does not include other attorneys in an individual's law firm who do not actually review such materials.

[5] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

1   provisions should be construed as authorizing or encouraging a Receiving Party in this action to

2   disobey a lawful directive from another court.

3       10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED

4   IN THIS LITIGATION

5       (a)    *Upon agreement by the Non-Party,* The terms of this Order are applicable to information produced by a Non-

6   Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —

7   ATTORNEYS' EYES ONLY" or "CONFIDENTIAL — OUTSIDE COUNSELS' EYES

8   ONLY" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY AND SUBJECT TO

9   PROSECUTION BAR."  Such information produced by Non-Parties in connection with this

10  litigation is protected by the remedies and relief provided by this Order.  Nothing in these

11  provisions should be construed as prohibiting a Non-Party from seeking additional protections.

12      (b)    In the event that a Party is required, by a valid discovery request, to

13  produce a Non-Party's confidential information in its possession, and the Party is subject to an

14  agreement with the Non-Party not to produce the Non-Party's confidential information, then the

15  Party shall:

16      1.    promptly notify in writing the Requesting Party and the Non-Party

17  that some or all of the information requested is subject to a confidentiality agreement with a Non-

18  Party;

19      2.    promptly provide the Non-Party with a copy of the Stipulated

20  Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific

21  description of the information requested; and

22      3.    make the information requested available for inspection by the

23  Non-Party.

24      (c)    If the Non-Party fails to object or seek a protective order from this court

25  within 14 days of receiving the notice and accompanying information, the Receiving Party may

26  produce the Non-Party's confidential information responsive to the discovery request.  If the

27  Non-Party timely seeks a protective order, the Receiving Party shall not produce any information

28  in its possession or control that is subject to the confidentiality agreement with the Non-Party

1  before a determination by the court.[6]  Absent a court order to the contrary, the Non-Party shall

2  bear the burden and expense of seeking protection in this court of its Protected Material.

3        11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

4           If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

5  Protected Material to any person or in any circumstance not authorized under this Stipulated

6  Protective Order, the Receiving Party must immediately (a) notify in writing the Designating

7  Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of

8  the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

9  made of all the terms of this Order, and (d) request such person or persons to execute the

10  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11        12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

12  PROTECTED MATERIAL

13           When a Producing Party gives notice to Receiving Parties that certain

14  inadvertently produced material is subject to a claim of privilege or other protection, the

15  obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure

16  26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in

17  an e-discovery order that provides for production without prior privilege review.  Pursuant to

18  Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of

19  disclosure of a communication or information covered by the attorney-client privilege or work

20  product protection, the parties may incorporate their agreement in the stipulated protective order

21  submitted to the court.

22        13.    MISCELLANEOUS

23          13.1   Right to Further Relief.  Nothing in this Order abridges the right of any

24  person to seek its modification by the court in the future.

25          13.2   Right to Assert Other Objections.  By stipulating to the entry of this

26  Protective Order no Party waives any right it otherwise would have to object to disclosing or

27

28  [6] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

STIPULATED PROTECTIVE ORDER        18

1    producing any information or item on any ground not addressed in this Stipulated Protective

2    Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of

3    the material covered by this Protective Order.

4         13.3    <u>Export Control</u>. Disclosure of Protected Material shall be subject to all

5    applicable laws and regulations relating to the export of technical data contained in such

6    Protected Material, including the release of such technical data to foreign persons or nationals in

7    the United States or elsewhere. The Producing Party shall be responsible for identifying any such

8    controlled technical data, and the Receiving Party shall take measures necessary to ensure

9    compliance.

10       13.4    <u>Filing Protected Material</u>. Without written permission from the

11    Designating Party or a court order secured after appropriate notice to all interested persons, a

12    Party may not file in the public record in this action any Protected Material. A Party that seeks to

13    file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected

14    Material may only be filed under seal pursuant to a court order authorizing the sealing of the

15    specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue

16    only upon a request establishing that the Protected Material at issue is privileged, protectable as a

17    trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to

18    file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then

19    the Receiving Party may file the Protected Material in the public record pursuant to Civil Local

20    Rule 79-5(e) unless otherwise instructed by the court.

21       14.    <u>FINAL DISPOSITION</u>

22        Within 60 days after the final disposition of this action, as defined in paragraph 4,

23    each Receiving Party must return all Protected Material to the Producing Party or destroy such

24    material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

25    compilations, summaries, and any other format reproducing or capturing any of the Protected

26    Material. Whether the Protected Material is returned or destroyed, the Receiving Party must

27    submit a written certification to the Producing Party (and, if not the same person or entity, to the

28    Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all

STIPULATED PROTECTIVE ORDER       19

1   the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

2   not retained any copies, abstracts, compilations, summaries or any other format reproducing or

3   capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to *Outside of Record*

4   retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

5   legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

6   product, and consultant and expert work product, even if such materials contain Protected

7   Material.  Any such archival copies that contain or constitute Protected Material remain subject to

8   this Protective Order as set forth in Section 4 (DURATION).

9

10   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

11

12   Dated:  December 3, 2012      By:   /s/Richard H. Hikida
      Richard H. Hikida
13       Email: rhikida@trialnewport.com
      Scott J Ferrell
14       Email: sferrell@trialnewport.com
      Tyler J. Woods
15       Email: twoods@trialnewport.com
      Newport Trial Group
16       895 Dove Street Suite 425
      Newport Beach, CA 92660
17       Tel:  949-706-6464
      Fax: 949-706-6469
18       *Counsel for Plaintiff The Tawnsaura*
19       *Group, LLC*

20   Dated:  December 3, 2012      By:   /s/Aaron Lewis Renfro
      Aaron Lewis Renfro
21       Email: arenfro@calljensen.com
      Mark L. Eisenhut
22       Email: meisenhut@calljensen.com
      Samuel G. Brooks
23       Email: sbrooks@calljensen.com
      Matthew R. Orr
24       Email:  morr@calljensen.com
25       Call and Jensen PC
26       610 Newport Center Dr., Suite 700
      Newport Beach, CA 92660
27       Tel:  949-717-3000
      Fax: 949-717-3100
28

STIPULATED PROTECTIVE ORDER      20

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Counsel for Defendants Irwin Naturals and Nutricology, Inc.*

Dated:  December 3, 2012

By:      /s/David M. Kleiman
David M. Kleiman
Law Office of David Kleiman
21900 Burbank Blvd., Third Floor
Woodland Hills, CA 91367
Tel:  818-884-0949
Fax: 818-332-4373
Email: davidkleiman@lapatents.com
*Counsel for Defendant Bestvite Inc.*

STIPULATED PROTECTIVE ORDER              21

Dated: December 3, 2012

By:   /s/Daniel Scott Silverman
Daniel Scott Silverman
Email: dsilverman@venable.com
Deborah A Feinblum
Email: dafeinblum@venable.com
Tamany Vinson Bentz
Email: tjbentz@venable.com
Venable LLP
2049 Century Park East, Suite 2100
Los Angeles, CA 90067
Tel: 310-299-9900
Fax: 310-229-9901
*Counsel for Defendants Maximum Human Performance LLC; Image Sports, LLC d/b/a Image Nutrition, LLC; Force Factor LLC; Twinlab Corporation; Universal Protein Supplements Corporation d/b/a/Universal Nutrition, Inc.; Betancourt Nutrition, Inc.; American Bodybuilding  Products d/b/a/ ABB Performance,  LLC; BPI Sports Holdings, LLC d/b/a BPI Sports, LLC; Montiff, Inc.;and Get Fit Nutrition*

By:   /s/Stephen J. Akerley
Stephen J. Akerley
Stephen.akerley@dechert.com
Philip Ducker
Philip.ducker@dechert.com
Dechert LLP
2440 W. El Camino Real
Suite 700
Mountain View, CA  94040-1499
Tel:  650-813-4800
Fax:  650-813-4848
*Counsel for Defendants Image Sports, LLC d/b/a Image Nutrition and BPI Sports Holdings, LLC d/b/a BPI Sports, LLC*

Dated: December 3, 2012

By:   /s/Monty Agarwal
Monty Agarwal
Email: monty.agarwal@aporter.com
Arnold & Porter LLP
Three Enbarcadero Center, 7th Floor
San Francisco, CA 94111

1

2

3

Tel: 415-471-3274
Fax: 415-471-3400
*Counsel for Threshold Enterprises,
Ltd.*

4   Dated:  December 3, 2012          By:    /s/Michael Kelly Erickson

5                                            Michael Kelly Erickson
                                             Email: MErickson@rqn.com
6                                            Ray Quinney and Nebeker PC
                                             36 South State Street, Suite 1400
7                                            Salt Lake City, UT 84111
                                             Tel:  801-532-1500
8                                            Fax: 801-532-7543
                                             *Counsel for Kingfisher Media LLC*
9

10  Dated:  December 3, 2012          By:    /s/Benjamin L. Singer

11                                           Benjamin L. Singer
                                             Email: bls@hsrslaw.com
12                                           Hopenfeld Singer Rice & Saito LLP
                                             235 Montgomery Street, Suite 907
13                                           San Francisco, CA 94104
                                             Tel:  415-500-6080
14                                           Fax: 415-534-6078
                                             *Counsel for Defendants Puritan's
15                                           Pride, Inc. and NBTY Inc d/b/a
                                             Worldwide Sports*
16

17  Dated:  December 3, 2012          By:  /s/Robert W. Payne

18                                         Robert W. Payne
                                           E-mail: rpayne@lgpatlaw.com
19                                         Christopher J. Passarelli
                                           E-mail: cpassarelli@lgpatlaw.com
20                                         LaRiviere, Grubman & Payne, LLP
                                           P.O. Box 3140
21                                         Monterey, CA 93942-3140
                                           Tel: (831) 649-8800
22                                         Fax: (831) 649-8835

23
                                           Jorge Espinosa (*Pro Hac Vice*
24                                         pending)
                                           FL Bar #779032
25                                         E-mail: jespinosa@etlaw.com
                                           William R. Trueba, Jr.
26                                         FL Bar # 117544
                                           E-mail: wtrueba@etlaw.com
27                                         Francesca Russo (*Pro Hac Vice*
                                           pending)
28

STIPULATED PROTECTIVE ORDER                23

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Fla. Bar #174912
E-mail: frusso@etlaw.com
Espinosa | Trueba, PL
1428 Brickell Avenue, Suite 100
Miami, FL 33131
Tel.: (305) 854-0900
Fax: (855)854-0900
*Attorneys for Defendant*
*Vitacost.com, Inc.*

Dated:  December 3, 2012

By:     /s/Kristina Starr Azlin
        Kristina Starr Azlin
        Email: kristina.azlin@hklaw.com
        Holland & Knight LLP
        400 South Hope Street 8th Floor
        Los Angeles, CA 90071
        Tel:  213-896-2400
        Fax: 213-896-2450

        and

        R. David Donoghue
        Email: david.donoghue@hklaw.com
        Holland & Knight LLP
        131 South Dearborn St., 30th Floor
        Chicago, IL 60603
        Tel:  312-263-3600
        Fax: 312-578-6666
        *Counsel for Defendant Now Foods*
        *Inc.*

Dated:  December 3, 2012

By:   /s/David A. Caine
        David A. Caine
        Email: dacaine@agilityiplaw.com
        James C. Otteson
        Email: jim@agilityiplaw.com
        Agility IP Law
        149 Commonwealth Drive, Suite 1033
        Menlo Park, CA 94025
        Tel:  650-227-4800
        Fax: 650-318-3483
        *Counsel for Nutraceutical*
        *Corporation*

Dated:  December 3, 2012

By:   /s/Douglas Morseberg
        Douglas Morseberg
        Email: douglas.morseberg@usip.com

STIPULATED PROTECTIVE ORDER                    24

Sheldom Mak & Anderson
Tel: 626-796-4000
*Counsel for S.A.N. Nutrition Corp.*

Dated: December 3, 2012

By:  /s/James E. Doroshow
James E. Doroshow
Email:jdoroshow@foxrothschild.com
Scott Bialecki (pro hac vice)
Email: sbialecki@foxrothschild.com
Christopher Kinkade (pro hac vice)
ckinkade@foxrothschild.com
Nancy Halpern (pro hac vice pending)
nhalpern@foxrothschild.com
Fox Rothschild LLP
1800 Century Park East, Suite 300
Los Angeles, CA  90067-1506
Tel: 310-598-4150
Fax: 310-556-9828
*Counsel for Ultimate Nutrition, Inc.*

Dated: December 3, 2012

By:  /s/Eric Anvari
Eric Anvari
Email: ericanvari@yahoo.com
Law Office of Eric Anvari
21112 Ventura Boulevard
Woodland Hills, CA 91364-2103
Tel: 818-346-6350
Fax: 866-780-8077

and

Shyam Dixit *(Pro Hac Vice)*
Email: sdixit@dixitlaw.com
Dixit Law Firm PA
3030 North Rocky Point Drive West
Suite 260
Tampa, FL 33607
Tel: 813-252-3999
Fax: 813-252-3997
*Counsel for Infinite Labs, LLC*

Dated: December 3, 2012

By:  /s/Teodora Manolova
Teodora Manolova
tmanolova@goodwinprocter.com
Goodwin Procter LLP
601 South Figueroa Street 41st Floor
Los Angeles, CA 90017
Tel: 213-426-2500

STIPULATED PROTECTIVE ORDER                    25

Fax: 213-623-1673
*Counsel for Defendant Dymatize
Enterprises, LLC*

Dated:  December 3, 2012

By:___/s/Ian A. Stewart_____
Ian A. Stewart
Email: ian.stewart@wilsonelser.com
Wilson Elser Moskowitz Edelman
and Dicker
555 South Flower Street, Suite 2900
Los Angeles, CA 90071
Tel:  213-443-5100
Fax: 213-443-5101
*Counsel for Defendants Driven
Sports, Inc.; Sechel Holdings; and
Serious Nutrition Solutions, Inc.*

Dated:  December 3, 2012

By:___/s/Ara Sahelian_____
Ara Sahelian
Email: sahelianlaw@me.com
Sahelian Law Offices
23046 Avenue De La Carlota
Suite 600
Laguna Hills, CA 92653
Tel: 949-859-9200
Fax: 949-954-8333
*Counsel for Physician Formulas,
Inc.*

Dated:  December 3, 2012

By:___/s/Damian Moos_____
Damian Moos
damian@damianmooslaw.com
The Law Office of Damian Moos PC
120 Vantis Suite 300
Aliso Viejo, CA 92656
Tel:  714-714-465-0665
Fax: 714-333-1891
*Counsel for Defendant Elements of
Health Care, LLC*

Dated:  December 3, 2012

By:___/s/Kevin Robert Riva_____
Kevin Robert Riva
Email:  krrme@msn.com
Kevin R. Riva Law Offices
3055 Wilshire Blvd., Suite 900
Los Angeles, CA  90010
Tel: 213-252-0505

STIPULATED PROTECTIVE ORDER

26

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

and

Erica W. Stump, Esq.
E-mail: Erica@ericawstump.com
Erica W. Stump, P.A.
110 E. Broward Blvd., Suite 1700
Fort Lauderdale, FL 33301
(954) 828 2334
*Counsel for Exclusive Nutrition Products Inc. d/b/a Body Fuse*

Dated:  December 3, 2012          By:   /s/Benjamin A. Katzenellbogen
                                        Benjamin A. Katzenellbogen
                                        ben.katzenellenbogen@kmob.com
                                        Laura Elizabeth Hall
                                        Email: laura.hall@kmob.com
                                        Knobbe Martens Olson & Bear LLP
                                        2040 Main Street, 14th Floor
                                        Irvine, CA 92614
                                        Tel: 949-760-0404
                                        Fax: 949-760-9502
                                        *Counsel for Defendants Swanson Health Products Inc. and Anabol Naturals*

Dated:  December 3, 2012          By:   /s/David M. Stein
                                        David M. Stein
                                        Email: dstein@akingump.com
                                        Akin Gump Strauss Hauer and Feld LLP
                                        633 West Fifth Street Suite 5000
                                        Los Angeles, CA 90071
                                        Tel:  213-254-1200
                                        Fax: 213-229-1001
                                        *Counsel for Defendant ISS Research LLC d/b/a Integrated Sports Science*
                                  By:   /s/Andrew S. Dallmann
                                        Andrew S. Dallmann
                                        Email: asd@jmbm.com
                                        Travis James Burch
                                        Email: tjb@burchdallmann.com
                                        Burch Dallmann LLP
                                        96 Discovery
                                        Irvine, CA 92618
                                        Tel:  949-271-9042
                                        Fax: 949-724-9926

                                        and

STIPULATED PROTECTIVE ORDER          27

Gregory M. Krakau
Email: gkrakau@lpslaw.com
Andrew S. Dallman
Leland Parachini Steinberg Matzger &
Melnick, LLP
199 Fremont Street 21st Floor
San Francisco, CA 94105
Tel:  415-957-1800
Fax: 415-974-1520
*Counsel for Defendant Gaspari
Nutrition Inc.*

Dated:  December 3, 2012          By:   /s/Barry Evans                          
Barry Evans
Email: bevans@lmiplaw.com
Peter Phillips
Email: pphillips@lmiplaw.com
Lucas & Mercanti
475 Park Ave South
New York, NY 10016
Tel: 212-661-8000
*Counsel for Beautifit, Inc.;
BNC Nutrition, LLC d/b/a
Prima Force; Gamma
Enterprises, LLC; Isatori,
Inc.; Labrada Bodybuilding
Nutrition, Inc.; MusclePharm
Corporation*

Dated:  December 3, 2012          By:   /s/R. Christian Macke                   
R. Christian Macke
*Counsel for Defendant Beverly
International Nutrition, LLC*

Dated:  December 3, 2012          By:   /s/Eric Anvari                          
Eric Anvari
Email: ericanvari@yahoo.com
Law Office of Eric Anvari
21112 Ventura Boulevard
Woodland Hills, CA 91364-2103
Tel: 818-346-6350
Fax: 866-780-8077

and

David Klein

STIPULATED PROTECTIVE ORDER          28

1    Email: davidklein@wncwlaw.com
     Weissman, Nowack, Curry & Wilco P.C.

2    One Alliance Center, 4th Floor
     3500 Lenox Road

3    Atlanta, GA 30326
     Tel: 404-926-4644

4    Fax: 404-926-4844
     *Counsel for Defendant Fahrenheit*

5    *Nutrition*

6
     Dated:  December 3, 2012                  By:   /s/Chris Schwegmann

7                                              Chris Schwegmann
                                               Email: cschwegmann@lynnllp.com

8                                              Christopher W. Patton
                                               Email: cpatton@lynnllp.com

9                                              Lynn, Tollotson, Pinker & Cox, LLP
                                               2100 Ross Avenue

10                                             Suite 700
                                               Dallas, Texas  75201

11                                             Tel: (214) 981-3800
                                               Fax: (214) 981-3839

12                                             *Counsel for Defendants All American*
                                               *Pharmaceutical and Natural Foods*

13                                             *Corporation d/b/a All American EFX*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER                29

1

2   PURSUANT TO STIPULATION, IT IS SO ORDERED.

3   DATED: December 7, 2012                 ~~Alicia G. Rosenberg~~

4                                           ~~S. James Otero~~
                                            ~~United States District Judge~~
5
                                            **ALICIA G. ROSENBERG**
6                                           **UNITED STATES MAGISTRATE JUDGE**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER                 30

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read

in its entirety and understand the Stipulated Protective Order that was issued by the United States

District Court for the Central District of California on [date] in the case of _____ **The**

**Tawnsaura Group LLC v. Maximum Human Performance LLC (2:12-cv-07189-SJO-AGR)**

**and all related cases**. I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Central District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                   [printed name]

Signature:_____
                   [signature]

14419016
112812

STIPULATED PROTECTIVE ORDER                 31